**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**MABLE ANTHONY**                                                                          **PLAINTIFF**

**v.**                                            **2:09-cv-00132-BRW**

**POSTAL SERVICE (U.S.)**
**JOHN E. POTTER, POSTMASTER GENERAL**                                  **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion for Summary Judgment (Doc. No. 31). Plaintiff has responded[1] and Defendant has replied.[2]

Plaintiff alleges that Defendant violated her rights which are protected by Title VII of the Civil Rights Act of 1964 by retaliating against her for providing a witness statement in a lawsuit filed by one of her co-workers.[3]

For the reasons set out below, Defendant's Motion is GRANTED.

**I.     BACKGROUND**

Plaintiff, an African American female, has been an employee of the United States Postal Service ("USPS") since February, 1987.[4]  Beginning in November 2007, and at the time of the instant Complaint, Plaintiff was Postmaster at the Marianna, Arkansas, Post Office.  In August 2008, Plaintiff provided a witness statement in support of a fellow postal service employee's

---

[1] Doc. No. 39.

[2] Doc. No. 42.

[3] Doc. No. 1.

[4] Doc. No. 32.

discrimination claim against the USPS.[5]   Plaintiff alleges that because she provided a witness statement, she was retaliated against by her supervisor, Linda Copeland.[6]

On September 4, 2008, Copeland called Plaintiff stating she would be doing an audit of Plaintiff's office.[7]   Plaintiff sent a follow-up email to Copeland on September 5, 2008, regarding the audit, to which Copeland never responded.   On September 15, 2008, Copeland and three other postmasters conducted an audit of the office.   At the time of the audit, Plaintiff was on sick leave. Plaintiff learned that Copeland was conducting the audit and called the office.   While speaking with Copeland on the telephone, Plaintiff inquired about the purpose of the audit, but Copeland refused to answered and refused to stop the audit until Plaintiff could be there.   Plaintiff then went to the office and again asked about the audit.   Copeland informed Plaintiff that the audit involved an issue with a mail carrier.   Plaintiff states that Copeland, in front of all the Plaintiff's employees, said "[y]ou are the worst Postmaster I have ever met. You have been giving the managers in the Arkansas District a hard time for a long time, but I am here now and you have met your match."[8]

On September 18, 2008, Copeland placed Plaintiff on administrative leave with pay. Plaintiff alleges Copeland instructed other employees not to speak with her and ordered Plaintiff not to contact other employees.   Plaintiff returned to work on November 4, 2008.

Plaintiff alleges that Defendant's verbal harassment and imposition of administrative leave were in retaliation for providing the witness statement in another lawsuit against the USPS.   Plaintiff

---

[5] Doc. No. 39.

[6] Doc. No. 39, Ex. 1.

[7] *Id*.

[8] Doc. No. 1.

also alleges that Defendant's actions created a hostile work environment.  Defendant filed a motion

for summary judgment on August 26, 2011.[9]

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[10]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[11]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

extreme remedy that should only be granted when the movant has established a right to the judgment

beyond controversy.[12]  Nevertheless, summary judgment promotes judicial economy by preventing

trial when no genuine issue of fact remains.[13]  I must view the facts in the light most favorable to the

party opposing the motion.[14]  The Eighth Circuit has also set out the burden of the parties in

connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is

---

[9] Doc. No. 31.

[10] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[12] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[13] *Id.* at 728.

[14] *Id.* at 727-28.

then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[15]

"The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial."[16]  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[17]

## III.   RETALIATION CLAIM

Intentional discrimination may be shown by direct or circumstantial evidence.[18]  When a plaintiff's claims of discrimination are based on indirect evidence, the claims must be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green.*[19]   Under the *McDonnell Douglas* framework, the plaintiff must first establish a *prima facie* case of discrimination.[20]   Once the plaintiff meets this initial threshold, a presumption arises that the employer "unlawfully discriminated against the employee."[21]  The burden of production then shifts to the employer, who must show some legitimate, nondiscriminatory reason for the employment decision.[22]  Within the *McDonnell Douglas* framework, the court is not required to assess the

---

[15] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[16] *Jackson v. United Parcel Service*, 643 F.3d 1081, 1085 (8th Cir. 2011) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)).

[17] *Anderson*, 477 U.S. at 248.

[18] See *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004).

[19] 411 U.S. 792 (1973).

[20] *Id.*

[21] *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

[22] *McDonnell Douglas*, 411 U.S. at 802.

4

credibility of the defendant's explanation of his actions.[23]   Once the defendant articulates a "legitimate, nondiscriminatory reason for its decision," the presumption raised by the *prima facie* case of discrimination is rebutted and "drops from the case."[24]   At all times in this analysis, the ultimate burden of production remains with the plaintiff,[25] and once the defendant has met its burden, the plaintiff must have "a fair opportunity to show that [the employer's] stated reason for [the employment decision] was in fact pretext,"[26] or that the proffered reasons for the employer's action were not true.[27]

To establish a *prima facie* case of retaliation, a plaintiff in a Title VII case must show that: (1) she was engaged in statutorily protected activity, (2) she suffered adverse employment action, and (3) a causal connection between the two exists.[28]

In this case, neither party disputes that Plaintiff engaged in a statutorily protected activity by providing a witness statement in another lawsuit against the USPO.  Therefore, Plaintiff has met the first prong in establishing a *prima facie* case.

Where Plaintiff comes to a bump in the road is in proving that an adverse employment action resulted from her engagement in a protected activity.  An adverse employment action is so critical in proving a retaliation claim that summary judgment is appropriate if the plaintiff fails to provide sufficient facts demonstrating that she suffered an adverse employment action.[29]  "Not every setback

---

[23] *St. Mary's Honor*, 509 U.S. at 509.

[24] *Id.* at 507.

[25] *Id.*

[26] *McDonnell Douglas*, 411 U.S. at 804.

[27] *St. Mary's Honor*, 509 U.S. at 508.

[28] *Singletary v. Missouri Dept. of Corrections*, 423 F.3d 886, 892 (8th Cir. 2005).

[29] *Baucom v. Holiday Cos.*, 428 F.3d 764, 768 (8th Cir. 2005).

amounts to an adverse employment action."[30]   An adverse employment action is a "tangible change in duties or working conditions that constitutes a *material employment disadvantage*"[31] or a "material change in the terms or conditions of her employment."[32]   In *Singletary v. Missouri Dept. of Corrections,* the Eighth Circuit, in adopting the reasoning of the Fourth, Fifth, and Sixth Circuits, has held that placement on paid administrative leave, with restoration to plaintiff's original position, does not constitute an adverse employment action.[33]

After reading the *Singletary* case, I sent an e-mail to both Plaintiff's and Defendant's counsel on Monday, September 19, 2011,  informing Plaintiff that *Singletary* seemed to be directly on point and that Defendant was entitled to summary judgment.  I instructed Plaintiff that if she had any authority to the contrary or could distinguish this case from her set of facts, she should do so within 48 hours, or I would grant summary judgment.  Plaintiff provided a response on Wednesday, September 21, 2011, stating:

---

[30]*Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074 (8th Cir. 2006) (no adverse employment found where management gave Plaintiff three written reprimands, because Plaintiff could not point to a cut in pay, reduction in hours, or any other significant change to the conditions of employment); see also *Clegg v. Arkansas Dept. of Correction*, 496 F.3d 922, 926 (8th Cir. 2007) (discussing that "[m]inor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage, do not rise to the level of an adverse employment action").

[31]*Burchett v. Target Corp.*, 340 F.3d 510, 518 (8th Cir. 2003) (emphasis added); see also *Clegg,* 496 F.3d at 926 (defining "an adverse employment action [as] a tangible change in working conditions that produces a material employment disadvantage . . . [t]his might include termination, cuts in pay or benefits and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge") (citations omitted)).

[32]*Ledergerber v. Strangler*, 122 F.3d 1142, 1144 (8th Cir. 1997). (In determining whether a plaintiff suffered a material employment disadvantage, the Eighth Circuit has looked to factors such as if there was a reduction in title, in benefits, or in salary); see *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994).

[33] *Singletary*, 423 F.3d at 891-92.

[t]hank you for your careful consideration of our case. Ms. Anthony maintains concern that she and other postal employees were intimidated and harassed based on protected EEO activity and that information has been falsified to cover up these practices. Further, Ms. Anthony strongly desires her day in Court so that the practices of the Post Office are revealed to see the light of day. However, Ms. Anthony does not have authority to contravene the *Singletary* case, nor does she have material facts to distinguish her case from *Singletary* on the point of what constitutes "adverse employment action" under Title VII.

Moreover, Plaintiff conceded in her Response "that when she was on administrative leave during September, October, and November 2008, she did not lose any pay or other financial benefits, that she was not reassigned to another position or transferred to another location; and that she was not demoted or issued a written reprimand."[34] Plaintiff returned to work on November 4, 2008.[35]

Because the only evidence presented by Plaintiff to support her claim for an adverse employment action was her placement on paid administrative leave, she cannot meet the elements to prove a *prima facie* case of retaliation. Therefore, Plaintiff's retaliation claim fails and must be dismissed.

## IV.   HOSTILE WORK ENVIRONMENT CLAIM

Plaintiff has agreed to withdraw her claim for hostile work environment and does not oppose Defendant's motion for summary judgment on this claim. Therefore, Plaintiff's claim for hostile work environment is DISMISSED.

---

[34] Doc. No. 40.

[35] *Id.*

**CONCLUSION**

When viewed in the light most favorable to the non-moving party, the record shows that

Plaintiff cannot satisfy the elements of a claim of retaliation under Title VII.   Accordingly,

Defendant's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED this 22nd day of September, 2011.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE